UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ALLORA, LLC, ) | Civil Action No.: 4:06-cv-1575-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| WILLOUGHBY FAMILY ) | |
| INVESTMENTS, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Plaintiff's [Docket Entry #25] motion to dismiss amended counterclaims filed by Defendants Willoughby Family Investments, LLC, and A&E Constructors & Consultants, Inc.

**Background**

Plaintiff Allora, LLC ("Allora") filed this action alleging copyright infringement of its copyrighted design of a three-unit town home or triplex, Design #0205-A or the 8001-ABC Triplex. According to the Amended Complaint, Allora is engaged in the business of creating, designing, and producing original architectural designs, working drawings, architectural works, and related technical drawings, in addition to constructing and marketing homes and buildings built from such architectural designs and drawings.

Allora alleges that Defendants Willoughby Family Investments, LLC ("Willoughby"), A&E Constructors & Consultants, Inc. ("A&E"), Chip Wilkins, and Landwatch, Inc. "have violated and continue to violate Allora's exclusive rights in the Allora Design (including the right to reproduce, right to prepare derivative works, and right to vend) by copying, publishing, distributing, advertising, marketing, selling, and/or constructing architectural works, including

constructed town homes, and technical drawings which were copied or otherwise derived from the Allora Design." [Amended Complaint, at ¶ 30, Docket Entry #6]. Allora contends that "[a]ll of the Defendants are jointly and severally liable for the infringement . . ., as a matter of direct, contributory, and vicarious liability." *Id*. at ¶ 9.

On January 31, 2007, Willoughby and A&E filed their Second Amended Answer to the Amended Complaint, which included a counterclaim against Allora, cross-claims and a third-party claim. Willoughby and A&E's counterclaim against Allora alleges violations of the South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. Code Ann. §§ 39-5-10, *et seq*. Willoughby and A&E allege that Allora is a sister, subsidiary, division, or affiliated company of Donald A. Gardner Architects, Inc. [Second Amended Answer, at ¶ 71, Docket Entry #44]. Willoughby and A&E contend that Allora and Donald A. Gardner Architects, Inc. have engaged in a scheme of filing invalid copyrights and commencing frivolous lawsuits against competitors alleging meritless claims of copyright infringement. *Id*. at ¶ 76, 78. Willoughby and A&E specify at least 31 lawsuits that were instituted by Allora or Donald A. Gardner Architects, Inc. *Id*. at ¶¶ 79-81. Willoughby and A&E claim that despite the lack of merit to these lawsuits, the defendants are compelled to settle to avoid the expense and uncertainty of defending a copyright lawsuit. *Id*. at ¶¶ 85-86. Willoughby and A&E further claim that the commencement and prosecution of this case is part of the scheme perpetrated by Allora and Donald A. Gardner Architects, Inc. and that such scheme is an unfair trade practice in violation of the SCUTPA. *Id*. at ¶ 87-88.

Allora moved to dismiss Willoughby and A&E's counterclaims arguing that the counterclaims fail to state a claim under the SCUTPA because registering multiple copyrights

and filing lawsuits to enforce them (whether in bad faith or not) does not constitute activity in the conduct of trade or commerce. Allora also urges the court to consider the "absurd practical implications" of Defendants' counterclaims in interpreting the scope of the SCUTPA.

## Discussion

Rule 12(b)(6) Standard

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure "should not be granted unless it appears certain that the [claimant] can prove no set of facts which would support its claim and would entitle it to relief." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). When ruling on a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the claim in a light most favorable to the claimant. *Mylan Labs.*, 7 F.3d at 1134. "[T]he Court need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint." *Word v. United States Prob. Dep't*, 439 F. Supp. 2d 497, 500 (D.S.C. 2006). While reasonable factual inferences are drawn in a claimant's favor, courts should not accept "unwarranted deductions," "footless conclusions of law" or "legal conclusions cast in the form of factual allegations." *Custer v. Sweeney*, 89 F.3d 1156, 1163 (4th Cir. 1996).

South Carolina Unfair Trade Practices Act (SCUTPA)

The SCUTPA states that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are . . . unlawful." S.C. Code Ann. § 39-5-20(a). To recover under the SCUTPA, the plaintiff must establish: 1) the defendant engaged in an unfair or deceptive act in the conduct of trade or commerce; 2) the unfair or deceptive

3

act affected public interest; and 3) the plaintiff suffered monetary or property loss as a result of the defendant's unfair or deceptive act(s). *Wright v. Craft*, 640 S.E.2d 486, 498 (S.C. Ct. App. 2006). "Trade" and "commerce" as used in the SCUTPA includes "the advertising, offering for sale, sale or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity or thing of value wherever situate, and shall include any trade or commerce directly or indirectly affecting the people of this State." S.C. Code Ann. § 39-5-10(b).

Allora argues that Defendants' counterclaims should be dismissed because the Defendants cannot establish that Allora engaged in an unfair or deceptive act <u>in the conduct of trade or commerce</u>. Allora analogizes *Sunshine Sportswear & Elecs. v. WSOC Television, Inc.*, 738 F. Supp. 1499 (D.S.C. 1989) and *Connolly v. People's Life Ins. Co. of South Carolina*, 364 S.E.2d 475 (S.C. Ct. App. 1988), contending that "[i]f spreading reports that a business competitor is 'running a scam' and attempting to 'rip off' consumers does not constitute activity in the conduct of trade or commerce and if wrongfully refusing to satisfy a mortgage does not constitute activity in the conduct of trade or commerce . . . then registering multiple copyrights and filing lawsuits to enforce them (whether in bad faith or not) does not constitute activity in the conduct of trade or commerce." [Memorandum in Support of Plaintiff's Motion to Dismiss Amended Counterclaims, at pg. 4-5, Docket Entry #25-2].

Notably, Willoughby and A&E have not cited any legal authority for the proposition that registering multiple copyrights and using the judicial system to attempt to enforce those copyrights constitute acts <u>in the conduct of trade or commerce</u>. They fail to provide any South Carolina cases liberally expanding SCUTPA to the extent they propose, nor do they cite any

federal authority. *See* S.C. Code Ann. § 39-5-20(b). The plain and unambiguous language of the SCUTPA indicates no intent by the S.C. General Assembly that the SCUTPA be used as a safeguard against "frivolous" lawsuits and/or registering multiple copyrights. To allow Willoughby and A&E's counterclaims to proceed would require an unreasonable interpretation of the phrase "in the conduct of any trade or commerce" and, as Allora points out, would lead to absurd results. *See Florence County v. Moore*, 545 S.E.2d 507, 509 (S.C. 2001) (stating the goal in construing statutes is to "prevent an interpretation that would lead to a result that is plainly absurd").

Willoughby and A&E argue that they have sufficiently pled a claim for relief under the SCUTPA because they have expressly alleged that in the conduct of Allora's trade and business Allora has engaged in a scheme of commencing copyright infringement lawsuits against its competitors, including Willoughby and A&E. However, the court does not accept the Defendants' conclusory allegations, which are not supported by the facts set forth in the Defendants' counterclaims. *See Word*, 439 F. Supp. 2d at 500.

Willoughby and A&E are not without a remedy. Rule 11 of the Federal Rules of Civil Procedure, the South Carolina Frivolous Proceedings Sanctions Act, S.C. Code. Ann. § 15-36-10, *et seq.*, and § 505 of the Copyright Act, which allows prevailing parties to recover their costs and attorneys' fees, are effective legal remedies for the conduct of which Willoughby and A&E complain. If the instant lawsuit is as frivolous and without merit as Willoughby and A&E claim, they should have no difficulty prevailing. If they do prevail, the court will certainly consider any request to recover costs and attorneys' fees pursuant to § 505 of the Copyright Act.

**Conclusion**

For the reasons stated above, Allora's [Docket Entry #25] motion to dismiss amended counterclaims filed by Defendants Willoughby Family Investments, LLC, and A&E Constructors & Consultants, Inc. is **GRANTED**.

**IT IS SO ORDERED**.

Florence, S.C.                                                          s/ R. Bryan Harwell
September 27, 2007                                                R. Bryan Harwell
                                                                             United States District Judge